IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SAMUEL D. EDWARDS, )
)
       Plaintiff, )
)
v. ) Case No. CIV-04-096-KEW
)
PEPSICO, INC., a North )
Carolina corporation; )
PEPSI-COLA COMPANY, a North )
Carolina corporation; )
CONOPCO, INC. d/b/a )
THOMAS J. LIPTON COMPANY, )
a Virginia corporation; )
WM. W. MEYER & SONS, INC., )
an Illinois corporation; )
B.W. SINCLAIR, INC., a Texas )
corporation; LOCKWOOD GREENE )
ENGINEERS, INC., a foreign )
corporation; and JANE DOE, )
a foreign resident, )
)
       Defendants. )

## OPINION AND ORDER

This matter comes before this Court on the following motions: (1) Application of Capron & Edwards, P.C., for Order Regarding Deposit of Attorney Fees filed January 4, 2007 (Docket Entry #403); (2) Motion for Order Regarding Disputed Funds filed March 26, 2007 (Docket Entry #407); (3) Motion for Protective Order filed by Stephen Capron and Capron & Edwards PC on December 28, 2006 (Docket Entry #399); (4) Holden & Carr's Application for Hearing on Enforcement of Attorney's Lien filed July 3, 2006 (Docket Entry #360); (5) Samuel D. Edwards' Motion to Dissolve Claimed Attorneys (sic) Lien filed July 19, 2007 (Docket Entry #367); (6) Motion to Dismiss Claims and Defenses of Capron & Edwards, P.C. filed

September 7, 2006 (Docket Entry #379); and (7) Holden & Carr's Application for Order Setting Hearing Regarding Disputed Funds filed December 29, 2006 (Docket Entry #402). Timely responses and replies were filed to the Motions.

The various motions under consideration in this Order concern the disposition of the proceeds in Capron & Edwards' possession which represent the attorneys' fees paid from the judgment entered after a successful jury trial. Both Holden & Carr, the law firm which represented Plaintiff through trial, and Capron & Edwards, the law firm which represented Plaintiff after his termination of Holden & Carr's representation, post-trial, claim an interest in the proceeds. By separate Order entered this date, this Court granted summary judgment in favor of Holden & Carr with respect to the calculation of the contingency fee due that firm for its representation of Plaintiff at trial. As a result of that ruling, several of the Motions under consideration are now moot with some exceptions.

Since Holden & Carr's lien claim to fees has been found to be valid, the two Motions for Hearing, Motion to Dismiss and the two motions regarding the disposition of the funds while the dispute was pending are now academic. The Motion to Dissolve Claimed Attorney's Lien will be denied, as this Court has determined that the extent of the lien of Holden & Carr and its validity. This Court is confident that Capron & Edwards exercised its fiduciary

and professional duties as officers of the court to maintain the funds in its trust account, as it represented it would do in its filings with this Court. The suggested deposit of the funds with the Court Clerk of this Court would have resulted in the unnecessary diminution of corpus of the fund in dispute. Given Capron & Edwards' obligation extending to the funds, this Court perceived no basis for further protection of the proceeds.

However, now that the interests of the attorneys in the fund has been established, Capron & Edwards is now obligated to provide Holden & Carr responses to its prior discovery. Namely, Stephen Capron and Capron & Edwards, P.C. will be required to comply with the subpoenas dated December 13, 2006 served upon them by Holden & Carr's counsel. The information provided will include a detailed accounting of the receipt and location of the funds, including the amount and disposition of the interest collected on proceeds.

IT IS THEREFORE ORDERED the (1) Application of Capron & Edwards, P.C., for Order Regarding Deposit of Attorney Fees filed January 4, 2007 (Docket Entry #403); (2) Motion for Order Regarding Disputed Funds filed March 26, 2007 (Docket Entry #407); (3) Holden & Carr's Application for Hearing on Enforcement of Attorney's Lien filed July 3, 2006 (Docket Entry #360); (4) Motion to Dismiss Claims and Defenses of Capron & Edwards, P.C. filed September 7, 2006 (Docket Entry #379); and (5) Holden & Carr's Application for Order Setting Hearing Regarding Disputed Funds filed December 29, 2006

(Docket Entry #402) are deemed **MOOT**, by this Court's ruling on summary judgment.

IT IS FURTHER ORDERED that (1) Motion for Protective Order filed by Stephen Capron and Capron & Edwards PC on December 28, 2006 (Docket Entry #399); and (2) Samuel D. Edwards' Motion to Dissolve Claimed Attorneys (sic) Lien filed July 19, 2007 (Docket Entry #367) are hereby **DENIED**.

IT IS FURTHER ORDERED that Stephen Capron and Capron & Edwards, P.C. submit responses to the subpoenas served by Holden & Carr's counsel on December 13, 2006 no later than **MAY 31, 2007**. The information provided will include a detailed accounting of the receipt and location of the funds received by Mr. Capron and/or Capron & Edwards, P.C. in connection with this case, an accounting of the disbursement of any of the funds, the amount currently held, and the amount and disposition of the interest collected on proceeds.

IT IS SO ORDERED this 18th day of May, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4