IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SAMUEL D. EDWARDS, )
 )
            Plaintiff, )
 )
v. ) Case No. CIV-04-096-W
 )
PEPSICO, INC., a North )
Carolina corporation; )
PEPSI-COLA COMPANY, a North )
Carolina corporation; )
CONOPCO, INC. d/b/a )
THOMAS J. LIPTON COMPANY, )
a Virginia corporation; )
WM. W. MEYER & SONS, INC., )
an Illinois corporation; )
B.W. SINCLAIR, INC., a Texas )
corporation; LOCKWOOD GREENE )
ENGINEERS, INC., a foreign )
corporation; and JANE DOE, )
a foreign resident, )
 )
            Defendants. )

## OPINION AND ORDER

Coming before this Court is a series of related motions concerning the disposition and preservation of the accrued attorney's fees arising as a result of a verdict and judgment favorable to Plaintiff in this products liability action. Specifically, the following motions now come before this Court for consideration:

1)  Holden & Carr's Motion for Distribution of Interest filed on June 27, 2007 (Docket Entry #427).

2)  Capron & Edwards' Motion to Stay Pending Appeal and For Waiver of Supersedeas Bond filed July 10, 2007 (Docket Entry #431).

3)  Motion to Strike [Capron & Edwards' Motion to Stay

Pending Appeal and For Waiver of Supersedeas Bond] filed by Holden & Carr on July 19, 2007 (Docket Entry #437).

4) Holden & Carr's Objection to Garnishment Answers and Notice of Election to Take Issue With the Answers and Affidavits filed August 6, 2007 (Docket Entry #441).

5) Holden & Carr's Motion to Require Judgment Debtor Samuel Edwards to Appear on Assets filed August 7, 2007 (Docket Entry #442).

6) Capron & Edwards' Application to Amend Garnishment Answer filed August 20, 2007 (Docket Entry #445).

Numerous responses and replies were filed to these various and varied documents. These matters are now at issue and ripe for ruling.

This Court first addresses the necessity for Plaintiff and/or Capron & Edwards to post a supersedeas bond in order to forestall the execution on the award of attorney's fees determined in this Court's Opinion and Order of May 18, 2007. The law firm of Capron & Edwards seeks a waiver of the posting of a supersedeas bond as unnecessary since the disputed proceeds are currently held by it in its interest bearing trust account. In response, Holden & Carr contends the inappropriate party, Capron & Edwards, appealed this Court's ruling and seeks a stay of the judgment. The party against whom Holden & Carr received an award of attorney's fees was, in fact, Plaintiff and not Capron & Edwards. As a result, Holden & Carr contends Capron & Edwards lacks standing to request either a

stay or a waiver of the posting of a supersedeas bond. To the extent that a bond would be permitted to prevent execution pending appeal, Holden & Carr contends the funds currently held by Capron & Edwards would be insufficient to encompass the totality of the attorney fee award, the fees sought by Holden & Carr in asserting its rights to the funds, and the accrued and accruing interest on the attorney fee award. Holden & Carr also advises the Court that Capron & Edwards has apparently withdrawn the accrued interest earned on the trust account proceeds representing the attorney fee award.

As an initial matter, this Court finds Capron & Edwards possesses a sufficient interest in the proceeds to allow it to seek a stay of execution and waiver of supersedeas bond. The dispute over the funds culminating in the Order of May 18, 2007 was represented in cross-motions for summary judgment by the two law firms. This position would, of course, be altered should the Tenth Circuit Court of Appeals determine that Capron & Edwards lacks standing to appeal the May 18, 2007 Order. As a result, Holden & Carr's Motion to Strike will be denied.

At the same time, it appears from the record that the funds held in trust by Capron & Edwards may be insufficient to cover all interest and expenses to which Holden & Carr might be entitled, should it prevail on appeal. Requests for a stay pending appeal as

sought by Defendants in this case are governed by Fed. R. Civ. P. 62(d), which provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

"The purpose of requiring a supersedeas bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." Olcott v. Delaware Flood Co., 76 F.3d 1538, 1559-60 (10th Cir. 1996) citing Grubb v. FDIC, 833 F.2d 222, 226 (10th Cir. 1987); Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986). In most cases, the amount of the bond should be set at the full amount of the judgment. Id. However, the bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs. Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

Capron & Edwards challenges Holden & Carr's representation that interest has been improperly withdrawn from the trust account. This Court once again is confident that Capron & Edwards will continue to uphold its professional duty as officers of this Court to hold the disputed funds, including any accrued interest, in its trust account pending resolution of the appeal and further order of this Court. The amount held will still potentially be insufficient

4

to cover the amount to which Holden & Carr would be entitled should it successfully defend the appeal. Holden & Carr represents that additional funds above and beyond the amount held by Capron & Edwards of approximately $70,000.00 would be required to cover accrued interest and possible attorney's fees expended in defending its lien. In its reply, Capron & Edwards does not contest this estimation. Considering future accruing interest, this Court finds that, in addition to the amount held in trust and the interest accrued on that amount, Capron & Edwards should be required to post a supersedeas bond in the amount of $100,000.00 in order to stay the execution on the May 18, 2007 Order.

This Court next considers Holden & Carr's request that the interest that has accrued on the account be distributed from Capron & Edwards' trust account to it. Holden & Carr contends it had an agreement with Capron & Edwards that, should Holden & Carr prevail in its position entitling it to attorney's fees, it would receive a pro rata share of the interest that has accrued on the principal sum representing the attorney's fees and costs currently being held by Capron & Edwards. According to Holden & Carr, the amount it should be paid is $34,777.18.

For its part, Capron & Edwards requests that consideration of Holden & Carr's motion be stayed pending the outcome of the appeal of this Court's ruling to the Tenth Circuit. Again, Capron & Edwards contends the money, including accrued interest, is safe in

its trust account. Capron & Edwards also contends Holden & Carr is not entitled to interest on costs incurred in the prosecution of this case.

Capron & Edwards' request to stay will be granted, in the event it posts the $100,000.00 supersedeas bond previously discussed in this Order. Capron & Edwards does not contest in its response that it had an agreement to pay over a share of the interest accrued on the funds, therefore, this Court must presume such an agreement existed. However, the proposed bond will protect Holden & Carr against the delay in payment which might result during the pendency of the appeal. Therefore, the request to distribute the accrued interest will be denied at this time.

Holden & Carr has also filed a request for Plaintiff to appear for a hearing on assets. Holden & Carr's interest in the attorney fees is sufficiently protected by both the supersedeas bond and maintenance of the principal fund in an interest bearing account. The sole purpose of the asset hearing stated in the Motion is to ascertain Plaintiff's assets for satisfying the outstanding attorney fees owed to Holden & Carr. Given the protections in place and the purpose of the hearing, this Court finds an asset hearing to be unnecessary at this time.

One point with which this Court agrees with Holden & Carr referenced in the filings is that Capron & Edwards' claim of a "retaining lien" is at best, late and, at worst, an attempt to

collaterally attack the ruling of this Court. Capron & Edwards did not raise the existence of such a "lien" when all issues surrounding the attorney fee funds were adjudicated by this Court and it will not be allowed to belatedly do so while this matter is on appeal on a final Order. The purpose of both the bond established herein and the retention of the funds in Capron & Edwards' trust account is to protect Holden & Carr's already determined right to the funds and attendant accrued and accruing interest and to maintain the status quo while the matter is on appeal. New legal claims to the funds have no place at this stage of the proceedings. Moreover, the "retaining lien" to which Capron & Edwards refers would only attach to "all property, papers, documents, securities and monies of the **client** coming into the hands of the attorney in the course of the professional employment." Britton and Gray, P. C. v. Shelton, 69 P.3d 1210, 1212 (Okla. App. 2003)(emphasis added by this Court). The proceeds currently held by Capron & Edwards have been adjudicated to be the property of Holden & Carr. Therefore, any "retaining lien" Capron & Edwards might otherwise claim cannot be asserted against the proceeds it currently holds, pending appeal.

Holden & Carr has also attempted to garnish the funds in Capron & Edwards' possession. Again, the supersedeas bond and the maintenance of the funds in Capron & Edwards' trust account sufficiently protects Holden & Carr's interest to the proceeds to

7

which it will be entitled. However, should either (1) Capron & Edwards fail to post the supersedeas bond required herein; or (2) take action which puts the proceeds **or the accruing interest on the proceeds** Capron & Edwards holds in its trust account at risk, Holden & Carr shall file an appropriate motion with this Court and further measures will be employed to secure the proceeds. To date, Holden & Carr has not provided evidence that Capron & Edwards has taken any such action and Holden & Carr has opposed having the proceeds deposited with the Clerk of this Court due to the cost maintaining the proceeds in the court registry fund.

As a part of the attempted garnishment, Capron & Edwards seeks to amend its garnishment answer to include an assertion of various liens. Holden & Carr contends the amendments are futile, as Capron & Edwards has never sought to assert these liens and have their validity adjudicated during the briefing which culminated in the Order which is currently on appeal. As this Court has stated, Capron & Edwards' efforts to circumvent this Court's ruling are dilatory and somewhat disingenuous, given all of these alleged liens require Plaintiff to have some interest in the funds currently held by Capron & Edwards and this Court's ruling that the funds belong to Holden & Carr. Nevertheless, in order for Capron & Edwards to assert its positions of record, it will be permitted to amend its garnishment answer.

IT IS THEREFORE ORDERED that this Court enters the following

rulings on the matters currently before it:

1) Holden & Carr's Motion for Distribution of Interest filed on June 27, 2007 (Docket Entry #427) is hereby **DENIED**.

2) Capron & Edwards' Motion to Stay Pending Appeal filed July 10, 2007 (Docket Entry #431) is hereby **GRANTED**, in that execution on the Order awarding attorney's fees to Holden & Carr is hereby **STAYED, CONTINGENT UPON THE POSTING OF A SUPERSEDEAS BOND** by Capron & Edwards secured by an approved surety or other suitable in the amount of $100,000.00 as well as maintenance of the amount awarded and any accrued and accruing interest on that amount in an interest bearing account. Capron & Edwards shall post the bond no later than **JANUARY 24, 2008**. Capron & Edwards' Motion For Waiver of Supersedeas Bond contained in the same filing is hereby **DENIED**.

Additionally, Capron & Edwards shall provide Holden & Carr with a copy of the statement from the institution on the account in which the funds are deposited, reflecting the status of the principal, any amounts withdrawn from the account, and interest deposited into the account by the last day of every month, beginning on January 31, 2008. It shall be the responsibility of Holden & Carr to notify this Court by appropriate motion of any alleged irregularities in the account or of the failure to post the required bond.

3) Motion to Strike [Capron & Edwards' Motion to Stay Pending

Appeal and For Waiver of Supersedeas Bond] filed by Holden & Carr on July 19, 2007 (Docket Entry #437) is hereby **DENIED**.

4) Holden & Carr's Motion to Require Judgment Debtor Samuel Edwards to Appear on Assets filed August 7, 2007 (Docket Entry #442) is hereby **DENIED**, at this time.

5) Capron & Edwards' Application to Amend Garnishment Answer filed August 20, 2007 (Docket Entry #445) is hereby **GRANTED**. Capron & Edwards shall file its amended answer by **JANUARY 22, 2008**.

IT IS SO ORDERED this 9th day of January, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE