# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SAMUEL D. EDWARDS,             )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-04-096-W
                               )
PEPSICO, INC., a North         )
Carolina corporation;          )
PEPSI-COLA COMPANY, a North    )
Carolina corporation;          )
CONOPCO, INC. d/b/a            )
THOMAS J. LIPTON COMPANY,      )
a Virginia corporation;        )
WM. W. MEYER & SONS, INC.,     )
an Illinois corporation;       )
B.W. SINCLAIR, INC., a Texas   )
corporation; LOCKWOOD GREENE   )
ENGINEERS, INC., a foreign     )
corporation; and JANE DOE,     )
a foreign resident,            )
                               )
            Defendants.        )

## OPINION AND ORDER

This matter comes before the Court on the Notice of Failure to Post Supersedeas Bond and Motion for Immediate Transfer of Funds to Holden & Carr filed February 8, 2008 (Docket Entry #460) and the Motion for Order for Transfer of Funds filed March 14, 2008 (Docket Entry #466). Capron & Edwards has responded to both Motions.

The facts relevant to these Motions begin with the jury's rendering of judgment in favor of Plaintiff, thereby entitling Plaintiff's counsel to contractually based contingency attorney's fees. Problems arose, however, when the counsel representing Plaintiff at trial, Stephen Capron, left the lawfirm of Holden & McKenna, now Holden & Carr and started his own firm, Capron &

Edwards. By Opinion and Order entered May 18, 2007, this Court determined Holden & Carr was entitled to the attorney fee agreed upon in the contract with Plaintiff. Capron & Edwards appealed and that appeal remains pending before the Tenth Circuit Court of Appeals. As a result, Capron & Edwards requested that this Court grant a stay of execution of judgment without posting a supersedeas bond because it was holding the disputed funds in an interest bearing trust account.

By Opinion and Order entered January 9, 2008, this Court found Holden & Carr's interest in the funds was adequately protected by the retention of the funds in the trust account. However, this Court also found Holden & Carr's other interests in the recovery of costs and attorney's fees in the defense of the appeal were not adequately protected and directed that Capron & Edwards should be required to post a $100,000.00 supersedeas bond to assure the payment of these expenses. At Capron & Edwards' request, the Tenth Circuit Court of Appeals On January 23, 2008 temporarily stayed the effect of this Court's Order pending review until February 7, 2008. Thereafter, the Tenth Circuit entered an Order on February 5, 2008 finding Capron & Edwards had failed to demonstrate the existence of the factors required to stay this Court's Order and that the request to waive the bond set by this Court should be denied. The temporary stay expired on February 7, 2008.

On February 8, 2008, Holden & Carr notified this Court that

Capron & Edwards failed to post the required bond and requested that the funds in that firm's possession be transferred to Holden & Carr.

Essentially, the basis for the Motions currently before this Court can be summarized as the law firm of Capron & Edwards has failed to post the necessary bond to forestall execution upon this Court's Order awarding the attorneys' fees incurred in this case by Holden & Carr. As this Court has previously indicated, "[t]he purpose of requiring a supersedeas bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." Olcott v. Delaware Flood Co., 76 F.3d 1538, 1559-60 (10th Cir. 1996) citing Grubb v. FDIC, 833 F.2d 222, 226 (10th Cir. 1987); Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986). In most cases, the amount of the bond should be set at the full amount of the judgment. Id. However, the bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs. Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

Admittedly, as far as any party has demonstrated to this Court, the funds are securely being held in Capron & Edwards interest bearing trust account. However, Holden & Carr remains undersecured in the amount of its costs on appeal. By failing to post the required supersedeas bond, Capron & Edwards has forfeited

the right to continue to maintain possession of the funds. Capron & Edwards' deliberate failure to post the bond cannot go without consequence. As a result, Capron & Edwards shall be required to transfer the funds in its possession to Holden & Carr, including all accrued interest. At the time of the transfer, Capron & Edwards shall also provide an accounting to Holden & Carr of all interest deposits into the account attributable to the base fund and any withdrawals of said interest or principal from the account. Because of the nature of the dispute currently on appeal and the amount in controversy, Holden & Carr will be required to deposit the funds into an interest bearing account pending final ruling on appeal.

This Court has considered Capron & Edwards' arguments of unresolved garnishments, the contention that Capron & Edwards may deduct costs incurred in the appeal from the amount under the contingency fee agreement, and the assertion of various retention liens under Oklahoma law. This Court has previously determined Capron & Edwards' lien claims in defense of the garnishment issued by Holden & Carr were without merit. Further, the claim for costs on appeal can be asserted upon resolution of the appeal, since the corpus of the fund is being preserved with Holden & Carr. The heart of the matter remains that Capron & Edwards has failed to take the necessary steps to prevent Holden & Carr from executing on its award.

IT IS THEREFORE ORDERED that the Motion for Immediate Transfer of Funds to Holden & Carr filed February 8, 2008 (Docket Entry #460) and the Motion for Order for Transfer of Funds filed March 14, 2008 (Docket Entry #466) are hereby **GRANTED**. Holden & Carr shall designate a recipient institution and interest bearing account to Capron & Edwards no later than **MAY 16, 2008**. Capron & Edwards shall then transfer the principal and interest of the attorney fee fund currently in its possession to the designated account and provide an accounting of the activity concerning the fund while in its trust account to Holden & Carr no later than **MAY 21, 2008**. Holden & Carr shall maintain the principal and interest in the designated account until further order of this Court.

IT IS SO ORDERED this 12th day of May, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE