UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Samuel D. Edwards, )<br>)<br>    Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>PepsiCo, Inc., Pepsi-Cola Company, )<br>B.W. Sinclair, Inc., CONOPCO, Inc., )<br>Wm. W. Meyer & Sons, Inc., and )<br>Lockwood Greene Engineers, Inc., )<br>)<br>    Defendants-Appellants. ) | Case No. 04-CV-00096-KEW |

**MOTION FOR PARTIAL DISTRIBUTION OF FUNDS**

Capron & Edwards moves this Court to permit a partial distribution of the funds held by Holden & Carr which are not part of the dispute in this case. For its motion, Capron & Edwards states as follows:

1. A number of disputes remain to be adjudicated over the funds which are currently being held pending a final resolution of certain fact matters in this case. One matter which is beyond dispute, however, is that Holden & Carr's maximum claim to which it might become entitled is $94,888.88 (the "undisputed amount") less than the amount currently held in trust. Thus, even if Holden & Carr were to prevail on each and every claim it is pursuing, at least $94,888.88 would remain held by Holden & Carr and would undisputedly be owed to Capron & Edwards. Exhibit 1. These are Holden & Carr's calculations, not Capron & Edwards' calculations. The undisputed amount, therefore, is not needed for further adjudication of the issues before this Court.

2. By agreement of the parties, an order was entered on May 22, 2008 which ordered that the funds at issue be held by Holden & Carr pending the outcome <u>of the appeal</u>, not the outcome of these proceedings. [Dkt. No. 474] Because there is no court-ordered barrier to

doing so, at various times during this case the parties have freely transferred funds which were not in dispute. For example, when Holden & Carr claimed that the costs incurred in the underlying suit were not disputed and, therefore, were payable immediately pursuant to Okla. Stat. tit. 5, App. 3-A, Rule 1.15, the costs were immediately transferred from Capron & Edwards to Holden & Carr. Subsequently, in accordance with the above-referenced order and following the outcome of the appeal, Holden & Carr released the amount of $628,780.84 to Capron & Edwards. No court order was suggested to be needed, and no court order was sought or obtained. Thus, the parties have recognized their ability to transfer undisputed amounts owed to the other party in accordance with Rule 1.15.

3. Despite the absence of any legal reason to continue holding the undisputed funds, and despite the clear mandate of Rule 1.15, Holden & Carr continues to hold the undisputed funds while simultaneously attempting to extort concessions in this case which are clearly in dispute. Worse, Holden & Carr is attempting to legitimize these efforts using the above-referenced court order.

4. There is no further reason for either this Court or for Holden & Carr to retain any control over the undisputed amount. Holden & Carr admits this amount represents money in excess of Holden & Carr's maximum claim. This Court has already denied Holden & Carr the right to recover attorneys fees because Holden & Carr is not the prevailing party. There are, literally, no circumstances under which Holden & Carr will, or might, become entitled to the undisputed amount. Thus, that amount is not in dispute and should be transferred to Capron & Edwards immediately. Capron & Edwards has waited for this transfer from Holden & Carr for years (since the Tenth Circuit Opinion), but Holden & Carr has refused to make it. Capron & Edwards, therefore, prays for a court order for Holden & Carr to do so.

Wherefore, Capron & Edwards moves for a court order compelling Holden & Carr to transfer the undisputed amount of $94,888.88 to Capron & Edwards within ten (10) days of this Court's order. The amounts in controversy are adequately protected by Rule 1.15's obligation for safekeeping property.

Respectfully submitted,

**Capron & Edwards, PLLC**

/s/ Stephen J. Capron, OBA# 18350
406 South Boulder Ave., Suite 400
Tulsa, Oklahoma 74103
(918) 398-7600 – Telephone
(918) 398-7602 – Facsimile
*Attorney for Capron & Edwards and for Sam Edwards*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2012, a true and correct copy of the forgoing instrument was served on the parties by means of the cm/ecf system to the following:

David R. Ross    drr@nwcdlaw.com

Eugene Robinson    grobinson@grobinsonlaw.com

Fred C. Cornish    fred.cornish@mcafeetaft.com, debbie.chamberlain@mcafeetaft.com

J. Christopher Davis    cdavis@johnson-jones.com, jbalman@johnson-jones.com, sscroggs@johnson-jones.com, thughes@johnson-jones.com

Joel L. Wohlgemuth    jlw@nwcdlaw.com, psg@nwcdlaw.com

Linda McGowan    mcgowan762002@yahoo.com

Michael Burrage    mburrage@whittenburragelaw.com, docketing@whittenburragelaw.com

Michael J. Edwards     mjetulsa@cox.net

Michelle B. Skeens     michelleskeens@holdenlitigation.com, hm@holdenlitigation.com

Phillip P. Owens , II     po@owenslawofficepc.com, powens@chrisharperlaw.com

Robert P. Coffey , Jr     robert@cgmlawok.com, amy@cgmlawok.com, crystal@cgmlawok.com, reception@cgmlawok.com

Stephen J. Capron     sjc@capronedwards.com

Thomas E. Steichen     tom.steichen@mcafeetaft.com, julia.wallis@mcafeetaft.com

Thomas H. Gudgel , III     tom@cgmlawok.com, crystal@cgmlawok.com

Timothy E. Lurtz     czwg@czwglaw.com, tel@czwglaw.com, tlurtz@lawoklahoma.com

                                    /s/ Stephen J. Capron