IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMUEL D.  EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-096-W |
| | ) | |
| PEPSICO, INC., a North Carolina | ) | Mag. Judge Kimberly E. West |
| corporation; PEPSI-COLA COMPANY, a | ) | |
| North Carolina corporation; CONOPCO, | ) | |
| INC. d/b/a THOMAS J. LIPTON | ) | |
| COMPANY, | ) | |
| a Virginia corporation; WM. W. MEYER & | ) | |
| SONS, INC., an Illinois corporation; | ) | |
| B. W. SINCLAIR, INC., a Texas | ) | |
| corporation; | ) | |
| LOCKWOOD GREENE ENGINEERS, | ) | |
| INC., a foreign corporation; | ) | |
| and JANE DOE, a foreign resident, | ) | |
| | ) | |
| Defendants; | ) | |

**HOLDEN & CARR'S RESPONSE TO CAPRON & EDWARDS'
MOTION FOR PARTIAL DISTRIBUTION OF FUNDS**

COMES NOW Holden & Carr and responds to the Motion for Partial

Distribution of Funds filed by Capron & Edwards [Doc 528].

1.     At the last status hearing held by the Court on September 25, 2012,

Holden & Carr verbally requested that the Court allow the distribution of

undisputed funds to both parties herein.  Mr. Capron indicated that there was no

agreement as to the funds due to Holden & Carr.  As such, the Court advised

that due to the fact that there was no agreement, that the status quo should be maintained. The Court also had previously directed that the status quo be maintained. *See* Feb. 3, 2010 Minute Order [doc. 500].

2. Since the hearing, Holden & Carr proposed to Mr. Capron that the undisputed amounts, including a proposed partial division of interest, be distributed to both firms, i.e. $94,888.88 to Capron & Edwards and $195,278.03 to Holden & Carr. *See* Sept. 28, 2012 e-mail from M. Skeens to S. Capron, included in Exhibit 1 attached hereto.

3. Mr. Capron refuses to agree to any sums being distributed to Holden & Carr. *See* Oct. 4, 2012 e-mail from S. Capron to M. Skeens (Exhibit 1). He apparently believes that an attorney's fee award will be forthcoming to Capron & Edwards and that this will be taken from the funds that are held in trust.

4. Holden & Carr made an alternate proposal to have $151,756.00 distributed to Holden & Carr, the amount that would be due if Capron & Edwards prevails on its argument for a 20% reduction in the fees as reflected on Holden & Carr's invoice. *See* Oct. 17, 2012 e-mail from M. Skeens to S. Capron. As of the filing of this response, Mr. Capron has not responded to this proposal.

5. Even if attorney's fees are recoverable by the prevailing party, Holden & Carr does not believe those amounts would necessarily be distributed

from the corpus of the funds at issue.  If fees are recoverable from the funds at issue (being held in trust and in an interest bearing CD), then those funds should remain where they are.  Capron & Edwards apparently is disputing that Holden & Carr is due any funds for attorney's fees for time expended in the representation of Mr. Sam Edwards.  Thus, if Holden & Carr prevails after the trial of this matter, then arguably the funds now claimed by Capron & Edwards could be awarded to Holden & Carr as an attorney's fee award.

6.      Holden & Carr believes that the more prudent course would be to allow each firm to receive a distribution of the funds it is likely to be awarded after the trial.  Steve Holden has offered to execute an agreed order allowing the proposed distribution, including a mutual personal pledge to pay any funds inconsistent with the Court's ultimate order within thirty (30) days.  *See* Sept. 28, 2012 e-mail from M. Skeens to S. Capron (Exhibit 1).

7.      Holden & Carr has no objection to a distribution of undisputed funds, with the Court's permission and approval.  However, as a matter of fairness, both sides should receive an appropriate distribution.  Holden & Carr would agree to a distribution to both parties as follows:  $92,606.95 to Capron & Edwards (Capron & Edwards' share of the principal funds plus interest on sums previously paid) and $151,756.00 to Holden & Carr (80% of the amount billed on Holden & Carr's invoice, without any interest).  All other principal funds and

interest would remain in trust for determination by the Court of future distribution.

WHEREFORE, for the foregoing reasons, Holden & Carr respectfully requests that the Court direct the distribution of $92,606.95 to Capron & Edwards, $150,756.00 to Holden & Carr, and that the Court award such other relief as may be appropriate under the circumstances.

Respectfully submitted,

**HOLDEN CARR & SKEENS**

*s/Michelle B. Skeens*
_____
Steven E. Holden, OBA 4289
Michael L. Carr, OBA #17805
Jane R. Cowdery, OBA #13920
200 Reunion Center
9 East 4th Street
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
SteveHolden@HoldenOklahoma.com
MikeCarr@Holdenoklahoma.com
JaneCowdery@HoldenOklahoma.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Thomas Steichen – tsteichen@eslok.com/Tom.Steichen@mcafeetaft.com
Stephen Capron – sjc@capronedwards.com
Michael Burrage -mburrage@whittenburragelaw.com
David Ross -drr@nwcdlaw.com
Joel L. Wohlgemuth -jlw@nwcdlaw.com

*s/Michelle B. Skeens*

_____

Michelle B. Skeens