IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SAMUEL D. EDWARDS, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-04-096-KEW
　　　　　　　　　　　　　　　　　　　)
PEPSICO, INC., a North )
Carolina corporation; )
PEPSI-COLA COMPANY, a North )
Carolina corporation; )
CONOPCO, INC. d/b/a )
THOMAS J. LIPTON COMPANY, )
a Virginia corporation; )
WM. W. MEYER & SONS, INC., )
an Illinois corporation; )
B.W. SINCLAIR, INC., a Texas )
corporation; LOCKWOOD GREENE )
ENGINEERS, INC., a foreign )
corporation; and JANE DOE, )
a foreign resident, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## OPINION AND ORDER

This matter comes before the Court on the limited issue of Capron & Edwards' entitlement to a jury trial on the determination of the appropriate attorney's fees due both it and Holden & Carr. This Court conducted a hearing with Steven Holden and Michelle Skeens present for Holden & Carr and Steve Capron and Michael Edwards for Capron & Edwards. The history of this case and the current more narrow dispute over the allocation and distribution of the funds currently held and attributable to the attorneys' fees incurred in the representation of Plaintiff in this case has been tortuously set forth in several of the prior orders entered by this Court throughout the protracted litigation of this case. Suffice

it to state that the original principal amount held by Holden & Carr for attorneys' fees was $928,276.50 from which Capron & Edwards has received $628,780.84 and Holden & Carr has received $69,025.85 in reimbursement for expenses. Thus, the principal amount of $230,469.81 plus accrued and accruing interest remains in dispute between the two law firms.

The sole issue which this Court seeks to determine in this decision is whether Capron & Edwards is entitled to a jury trial on the issues of (1) compensation for the lost use of funds; (2) the allocation of the attorneys' fees held by Holden & Carr to the two law firms; and (3) the apportionment of accrued interest to the two firms. Capron & Edwards relies primarily upon the case of Simplot v. Chevron Pipeline Co., 563 F.3d 1102 (10th Cir. 2009) for the proposition that it is entitled to a jury trial to determined the number of hours attributable to each firm for compensation purposes, the actual costs incurred, and the allocation of the accrued interest. This Court disagrees. In the Simplot case, the plaintiff sought to recover his attorney's fees and costs incurred in other litigation as an element of damage in a breach of contract action against the defendant. The Tenth Circuit recognized the novelty of the argument, noting

> The Supreme Court has not specifically addressed a case where previously incurred attorneys' fees are sought as the measure of compensatory damages in a breach of contract suit. Unlike cases in which attorneys' fees are allowable to the prevailing party, here Simplot's attorneys' fees and costs are *themselves* part of the

2

merits of their contract claim. . . . Simplot does not seek the fees 'as an element of "costs" awarded to the prevailing party,'. . . which 'raises legal issues collateral to and separate from the decision on the merits." . . . Rather, Simplot seeks the fees as the measure of *damages* resulting from Chevron's breach, 'as an element of damages under a contract.'

Id. at 1115-16. (Internal citations omitted)(Emphasis in original).

The Tenth Circuit concluded that when fees are sought as an element of damages in the action, the defendant has a Seventh Amendment right to a jury trial on the amount of the attorneys' fees due as damages for the defendant's breach of it contract. Id. at 1117.

At its heart, this action was brought by Plaintiff to recover against Defendants under a products liability theory. Attorneys' fees were not an element of damages for Plaintiff. The subsequent dispute between the law firms arose only because the lead attorney left Holden & Carr to create his own law firm after trial. The Tenth Circuit in its Order and Judgment of May 20, 2009 remanding this matter to this Court set the parameters for consideration of this dispute. In assessing this Court's and, therefore, its own jurisdiction to consider this dispute, the Tenth Circuit found "the dispute involves an attorney's lien, which weighs in favor of jurisdiction because the lien creates a direct connection to the underlying litigation." Edwards v. Doe, 2009 WL 1395468, 5 (10th Cir. (Okla.))(unpublished). The Tenth Circuit on this basis found it was appropriate for this Court to exercise its supplemental

3

jurisdiction. Id. at 6.

So long as an action is characterized as one to enforce an attorney lien under Oklahoma law, the determination of the division of the funds is equitable in nature and may be decided by the court without a jury. Martin v. Buckman, 883 P.2d 185, 192 (Okla. Ct. App. 1994). Indeed, one of the filed requests which gave rise to the original dispute was one involving Holden & Carr's attempt to enforce its attorneys' lien. See, Holden & Carr's Application for Hearing on Enforcement of Attorney's Lien filed July 3, 2006 (Docket Entry #360). Since the dispute has at its core the enforcement or determination of the extent of an attorneys' lien, the determination of the amount to which each law firm is entitled is equitable in nature and may be determined without a jury.

IT IS THEREFORE ORDERED that Capron & Edwards' request for a jury trial on the issue of the allocation of the attorneys' fees, costs, and accrued interest is hereby **DENIED**. Any and all other remaining legal issues will be determined after the presentation of evidence at the hearing on the appropriate distribution of the proceeds. As this Court previously ordered, the parties to this dispute shall submit an Agreed Pretrial Order no later than **DECEMBER 7, 2012**. Also as previously directed, a Pretrial Conference on this dispute shall be conducted on **DECEMBER 14, 2012 AT 10:00 A.M.**

IT IS SO ORDERED this 5th day of December, 2012.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　KIMBERLY E. WEST
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE