UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Samuel D. Edwards, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CV-00096 |
| ) | |
| PepsiCo, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR SANCTIONS AGAINST HOLDEN & CARR**

Capron & Edwards moves for sanctions against Holden & Carr and against Steven E. Holden, Michael L. Carr and Michelle Skeens because of their failure to appear at the scheduled pre-trial conference with counsel capable of completing the conference, and because the failure to appear was the sole and admitted cause of the waste of the undersigned's time (3 hours) to prepare for and appear at the scheduled hearing, and for the costs of traveling 100 miles round trip from Tulsa to Muskogee. For its Motion, Capron & Edwards further states as follows:

1. The pre-trial conference in this case was scheduled for January 11, 2013 at 10:30 a.m. The conference was set in the ordinary manner, a minute issuing from this Court approximately one month ago on December 13, 2012. [Dkt. No. 535].

2. At the regularly scheduled hearing, neither Steven E. Holden, Michelle Skeens nor Michael L. Carr appeared for Holden & Carr. Each of these individuals is a principal in Holden & Carr, and each is currently undertaking the representation of Holden & Carr in this matter. Instead of one of these attorneys appearing on behalf of Holden & Carr at the scheduled pre-trial conference, Mr. Harlan Pinkerton, Jr. appeared for Holden & Carr and advised the Court that he knew nothing about this matter until 5:00 p.m. the night before the pre-trial conference when he

was first asked to attend the hearing in the place of Holden, Carr and Skeens.[1]

3.  The apparent reason for the failure of Holden and Skeens to appear is an alleged month long trial which is taking place in Missouri.  [Dkt. No. 538].  Holden & Carr made this scheduling conflict known to the Court at the close of business the night before the scheduled pre-trial conference by means of a motion to continue the conference.  Id.

4.  The docket for the alleged conflicting case, *Wood, et al v. Pur Performance, Inc., et al*, St. Louis County Case No. 10SL-CC02904, is available on line (https://www.courts.mo.gov/casenet/cases/searchDockets.do).  According to the entry on that docket dated September 24, 2012, that case was set for what Holden & Carr represents to be a month long trial beginning on January 7, 2013 long before this Court set the pre-trial conference date.  Thus, for the entire month precedent to the scheduled pre-trial conference in this case, Holden and Skeens knew of the conflict, yet waited until the close of business on January 10, 2013 to raise the conflict with the Court.

5.  Michael L. Carr is apparently not involved in the Missouri trial.  Carr alleges that he had a deposition which conflicts with this Court's scheduling of the hearing.  Carr does not advise when that deposition was scheduled, whether another attorney from his firm could cover the deposition, or what efforts would have been required to re-schedule the same.

6.  Neither Holden, nor Carr, nor Skeens advise as to why they failed to notify this Court earlier of the conflict, or to <u>timely</u> seek a re-scheduling of the pre-trial conference.  The closest to

---

[1] Nothing in this Motion is intended to fault Mr. Pinkerton for his actions in representing his client, Holden & Carr.  Mr. Pinkerton's representations that he was not advised of his role in this case until the close of business the night before the scheduled hearing, and Mr. Pinkerton's candid representations that he does not possess sufficient knowledge about this case to allow the pre-trial conference to proceed as scheduled, are trusted to be honest and accurate.  Indeed, the late notice by Holden & Carr to Mr. Pinkerton is consistent with the disregard for the interests of all others involved in this case which underlies this motion.

an explanation is the suggestion in the motion to continue that there was an expectation that the Missouri case would settle.  This is problematic for several reasons.  First, there must have been a time during the month leading up to the Missouri trial where it became apparent to Holden and to Skeens that they were going to travel.  Prudence, as well as this Court's rules [LCvR 7.1(j) and (r)], dictate that the motion for a continuance be presented before the close of business the night before a hearing.  Second, failing to move for a continuance or to advise the Court of the conflict earlier that the night before the conference amounts to Holden and Skeens gambling with the undersigned's (and the Court's) time.  Essentially, Holden and Skeens wagered that that the case would settle.  The upside of the wager might have allowed them to attend the pre-trial conference in this case.  The downside, however, was that counsel for Capron & Edwards suffered the consequences of a wasted trip to Muskogee.  Thus, in this wager, neither Holden nor Skeens were at risk of a downside – they gambled with the undersigned's (and the Court's) time.

7.  Sanctions should be used for precisely this situation to remediate the inequity created by Holden's gamble.  Sanctions, including default judgment, are long established remedies for the failure to appear at a pre-trial conference.  See, e.g., LCvR 16.1(b)(2).  Additionally, the motion to continue the pre-trial conference was made with total disregard for LCvR 7.1(j) and (r), and with disregard for, at the least, those standards of practice in this Court identified by LCvR 83.8 (b), (c) and (i).

8.  Because of the tardy notice to the Court of the alleged scheduling conflicts, and because of the failure to have counsel present who was knowledgeable on the case, Holden & Carr caused the time of the undersigned and of the Court to be wasted.  By the candid admission of Mr. Pinkerton, the conference was unable to proceed in the absence of Holden, Carr or Skeens. Holden & Carr caused the undersigned to waste three hours of time (to prepare for the hearing, to

travel 100 miles round trip, and to attend the hearing), and incur costs in the amount of $55.00 (computed as 100 miles of travel times $.55, the IRS rate for mileage). The standard hourly rate for the undersigned is $300. Based on this, Capron & Edwards requests sanctions against Holden & Carr in the amount of $955.00.

Wherefore, Capron & Edwards respectfully requests that this Court enter an order of sanctions against Holden & Carr, or individually against Holden, Carr and Skeens, for their failure to appear at the scheduled pre-trial conference on January 11, 2013.

Respectfully submitted:

**CAPRON & EDWARDS, PLLC**
/s/ Stephen J. Capron
OBA #18350
406 S Boulder Ave Ste 400
Tulsa, Oklahoma 74103
(918) 398-7600 (telephone)
(918) 398-7602 (facsimile)
sjc@capronedwards.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2013, a true, exact and correct copy of the above and foregoing instrument was served to those who receive notice pursuant to the Court's CM/ECF system.

/s/ Stephen J. Capron