UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Samuel D. Edwards, )
)
    Plaintiff, )
)
v. ) Case No. 04-CV-00096-KEW
)
PepsiCo, Inc., Pepsi-Cola Company, )
B.W. Sinclair, Inc., CONOPCO, Inc., )
Wm. W. Meyer & Sons, Inc., and )
Lockwood Greene Engineers, Inc., )
)
    Defendants. )

### CORRECTED MOTION FOR ATTORNEYS' FEES AND COSTS[1]

Pursuant to Local Civil Rule 54.2, Capron & Edwards, P.C. respectfully request that the Court enter an Order awarding Capron & Edwards its attorneys' fees incurred in connection with Capron & Edwards' efforts to enforce its attorneys' lien.

### Capron & Edwards' Claim

1. On July 3, 2006 Holden & Carr initiated these ancillary proceedings regarding the claimed attorney liens. Capron & Edwards asserted a competing claim for its attorney lien.

2. Holden & Carr has opposed C&E in connection with the fee issue. As the Tenth Circuit Court of Appeals noted, this matter is properly between Holden & Carr and Capron & Edwards.

3. Holden & Carr agrees that attorneys' fees and costs are recoverable by the prevailing party in this action. Dkt. No. 413.

4. Additionally, this Court has determined that fees are recoverable by the prevailing

---

[1] This corrected brief is submitted to eliminate the formatting errors noted in the Minute Order found at Dkt. No. 560. No substantive changes were made to the brief.

party. When the issues related to the competing claims of Capron & Edwards and Holden & Carr were first resolved in the district court, this Court determined that fees were recoverable by the prevailing party. Dkt. No. 471. Though the fees were not calculated prior to remand of the ruling on summary judgment from the Tenth Circuit, the issue of entitlement to fees was implicit (if not explicit) in the Court's ruling.[2] Specifically, the Court ordered a bond sufficient to cover the fees (fees which were only claimed in the approximate amount of $35,000), setting the bond in the amount of $100,000. Id. Impliedly, therefore, this Court determined that fees were recoverable by the prevailing party.

5. No party appealed the decision on fees or the decision on the bond.

## Argument

"Oklahoma law governs the award of attorney fees as a matter of substantive law." *Combs v. Shelter Mutua/Ins. Co.*, 2007 U.S. Dist. LEXIS 26953 at *1 (E.D. Okla. April 10, 2007)(citing *N. Tex. Prod. Credit Ass'n v. McCurtain County Nat'l Bank*, 222 F.3d 800 (10th Cir. 2000)); *Oklahoma Natural Gas Co. v. Apache Corp.*, 355 F.Supp.2d 1246, 1252 (N.D. Okla. 2004). Although entitlement is a matter of state law, the determination of reasonableness and the amount of the fee award is left to the sound discretion of the district court. *Combs, supra* (citing *Gamble Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762 (10th Cir. 1999)).

## Entitlement to Fees

Capron & Edwards is entitled to an award of attorney's fees in this matter pursuant to three separate bases: (1) Okla. Stat. tit. 12, § 936; (2) Okla. Stat. tit. 42, § 176; and the law of

---

[2] The Court expressly stated that the bond was to assure payment of the costs and attorneys fees incurred by Holden & Carr. Dkt. No. 471, p. 2.

the case.  The first two bases are those with which this Court was presented in making the determination that Holden & Carr was entitled to attorneys fees (for which a bond was required to "assure" payment of).  The latter basis, of course, is a derivative of the Court's prior ruling, and applies whether or not the adjudication of entitlement to fees in favor of Holden & Carr was proper or not because no party appealed this Court's determination of entitlement to fees.

First, Capron & Edwards is entitled to fees pursuant to Okla. Stat. tit. 12, § 936. That statute provides that in an action "to recover for labor or services rendered ... the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." Okla. Stat. tit. 12, § 936. Oklahoma law provides that "'[i]t is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936.  If the action is brought for labor or services rendered, the provisions of section 936 apply.'" *See Selrahc v. Burruss,* 2007 U.S. App. LEXIS 11758 at *1 (10th Cir. 2007)(quoting *Burrows Constr. Co. v. Indep. Sch. Dist. No.2,* 704 P.2d 1136, 1138 (Okla. 1985)).  "The question is whether the damages arose directly from the rendition of labor or services".  Id. Capron & Edwards' claim falls squarely within the provisions of section 936 because it successfully sought to enforce its right to payment for labor and services provided: the rendition of legal services in connection with this case. Enforcement of an employment contract for labor and services falls within the provisions of section 936 where the party seeks to recover for labor and services already rendered. *See Wade v. Pro Carpet Building Services, L.L.C.,* 2007 U.S. Dist. LEXIS 25626 at *1 (E.D. Okla. Apri14, 2007)("Recovery of attorney's fees under this provision has been permitted to the prevailing party in an action alleging the wrongful breach of an employment contract.")(citing *Doyle v. Kelly,* 801 P.2d 717, 720 (Okla.

1990)).  Additionally, Capron & Edwards is the prevailing party on Holden & Carr's claims, which Holden & Carr admit were subject to Section 936.  Thus, Capron & Edwards is entitled to an award of attorney's fees under Okla. Stat. tit. 12, § 936 as the prevailing party on Capron & Edwards' claims, as well as the prevailing party on Holden & Carr's claims.

Second, Capron & Edwards is entitled to an award of attorney's fees pursuant to Okla. Stat. tit. 42, § 176, which provides: "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."  See also *Kizziar v. Dollar*, 268 F.2d 914, 918 (l0th Cir. 1959)(applying §176).  Capron & Edwards has successfully obtained an order, which has validated its lien claim in its entirety.  Additionally, judgment has been rendered in favor of Capron & Edwards.

Third, the law of the case doctrine compels a finding of entitlement to fees by Capron & Edwards.  When an issue is impliedly determined by the trial court, the doctrine of law of the case applies to bar re-litigation of that issue.  See, e.g., *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 705-06 (10th Cir. 1993); *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990).  Here, this Court necessarily determined the issue of entitlement to fees by the prevailing party when, prior to the appeal to the Tenth Circuit, this Court ordered Capron & Edwards to post a bond in an amount which was approximately three times the amount of the prayed for fees (by Holden & Carr), and expressly found that amount to be for the purpose of "assuring" the payment of attorney fees.  That issue was not appealed by any party. Therefore, it is now binding on the parties.  Under the law of the case doctrine, "[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have

waived the right to challenge that decision at a later time." *Concrete Works of Colo., Inc. v. City and Cnty. of Denver*, 321 F.3d 950, 992 (10th Cir. 2003) (quotation omitted). This rule applies even when the party failed to appeal from the earlier final order deciding the issue. *See Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996). "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) (quotations omitted). "The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided," so as to avoid "both a wasteful expenditure of resources by courts and litig[ants] and the gradual undermining of public confidence in the judiciary." *Id.* at 1035 (quotations omitted).

For these reasons, the issue of entitlement to attorneys' fees should be made in favor of Capron & Edwards' entitlement as the prevailing party, just as the Court found entitlement to fees to be appropriate in favor of Holden & Carr while Holden & Carr maintained a claim to be the prevailing party.

### The Reasonableness of Fees

The Affidavit of Stephen J. Capron is attached hereto as Exhibit 1.  It describes the time spent by the attorneys in connection with the ancillary proceedings to enforce Capron & Edwards' attorney's lien. The hours detailed in that exhibit are memorialized by time records kept on an ongoing basis which record the time invested by the various counsel for Capron & Edwards.

The total amount of the fees is well in excess of $60,000.  The parties to this action have agreed to a maximum permissible fee of $60,000.  Thus, on the issue of the reasonable amount

of fees, Capron & Edwards only seeks a finding from this Court that the reasonable fee is at least $60,000.

The amount of fees requested is reasonable under Oklahoma law. The reasonableness of attorneys' fees under Oklahoma law is governed by several factors which are listed in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 663 (Okla. 1979). These factors include (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill required to perform the duties involved. Holden & Carr has acknowledged that these factors weigh in favor of rather substantial fees in this trial court, even as early as the initial motions. Dkt. No. 413. Other relevant considerations are what lawyers of comparable skill and experience practicing in the area would charge for their hourly time and the reasonable value for the services performed. *Ramos v. Lamm*, 713 F.2d 546, 555 (l0th Cir. 1983); *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); see *Mann v. Reynolds*, 46 F.3d 1055, 1063 (l0th Cir. 1995). The attached declaration of Stephen J. Capron establishes the reasonableness of fees well in excess of the maximum amount prayed for herein.

To the extent that there is any objection to the reasonableness of the fees sought, Capron & Edwards respectfully requests an opportunity pursuant to F.R.C.P., Rule 54(d)(2)(C) to present evidence.

Wherefore, Capron & Edwards moves for a court order finding that Capron & Edwards is entitled to the recovery of attorneys fees and costs in these ancillary proceedings, and finding that the attorneys fees and costs in the amount of $60,000 is reasonable.

    Respectfully submitted,

    **Capron & Edwards, PLLC**

    /s/ Stephen J. Capron, OBA# 18350
    406 South Boulder Ave., Suite 400

Tulsa, Oklahoma 74103
(918) 398-7600 – Telephone
(918) 398-7602 – Facsimile
*Attorney for Capron & Edwards*

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2013, a true and correct copy of the forgoing instrument was served on the parties by means of the cm/ecf system to the following:

David R. Ross     drr@nwcdlaw.com

Eugene Robinson     grobinson@grobinsonlaw.com

Fred C. Cornish     fred.cornish@mcafeetaft.com, debbie.chamberlain@mcafeetaft.com

J. Christopher Davis     cdavis@johnson-jones.com, jbalman@johnson-jones.com, sscroggs@johnson-jones.com, thughes@johnson-jones.com

Joel L. Wohlgemuth     jlw@nwcdlaw.com, psg@nwcdlaw.com

Linda McGowan     mcgowan762002@yahoo.com

Michael Burrage     mburrage@whittenburragelaw.com, docketing@whittenburragelaw.com

Michael J. Edwards     mjetulsa@cox.net

Michelle B. Skeens     michelleskeens@holdenlitigation.com, hm@holdenlitigation.com

Phillip P. Owens , II     po@owenslawofficepc.com, powens@chrisharperlaw.com

Robert P. Coffey , Jr     robert@cgmlawok.com, amy@cgmlawok.com, crystal@cgmlawok.com, reception@cgmlawok.com

Stephen J. Capron     sjc@capronedwards.com

Thomas E. Steichen     tom.steichen@mcafeetaft.com,

julia.wallis@mcafeetaft.com

Thomas H. Gudgel , III     tom@cgmlawok.com, crystal@cgmlawok.com

Timothy E. Lurtz     czwg@czwglaw.com, tel@czwglaw.com, tlurtz@lawoklahoma.com

/s/ Stephen J. Capron